## W. F. Malone v. Texas & Pacific Railway Company.

Decided February 22, 1908.

**1.—Evidence—Res Gestae.**

The doctrine of res gestae is based on the presumption that declarations made at the time of the act, transaction or event to which they relate, evoked by it, without premeditation, are part of the act, transaction or event. It is not necessary that the declarations be precisely concurrent in point of time with the principal transaction, but they should be so near as to preclude the idea of deliberate design.

**2.—Same—Case Stated.**

In a suit for damages for personal injuries received while attempting to board a moving train, the testimony of third parties as to an account given them by the plaintiff eight or ten minutes after the occurrence as to the cause of his injury and the manner in which he was knocked off the train, was properly excluded as wanting in the element of spontaneity.

**3.—Contributory Negligence—Issue—Material Testimony.**

Where, in a suit for personal injuries received while attempting to board a moving train, the defendant charged the plaintiff with contributory negligence, testimony of the plaintiff to the effect that it was not an unusual occurrence for persons to board the trains at the station in question after they were in motion, and that he himself had at various times in the past done the same thing when the train was moving no faster than it was at the time he was hurt and had never received any injury, was admissible as a circumstance to be considered by the jury, together with all the other circumstances, in determining whether or not the plaintiff was guilty of contributory negligence.

**4.—Personal Injuries—Degree of Care—Charge Criticized.**

Where the plaintiff was injured while attempting to board a moving train, a charge which required the jury to find that the plaintiff had used that high degree of care "which very prudent persons are accustomed to use under like circumstances and conditions" was of questionable propriety in the use of the word "accustomed." And so with regard to the use of the terms "generally" and "accustomed" in a charge in the same case which made it the defendant's duty to exercise "that high degree of care and skill which very cautious and prudent persons generally in their line of business are accustomed to use under similar circumstances, etc."

**5.—Charge—Issue—Undue Emphasis—Proximate Cause.**

It is not good practice to repeat a charge upon an issue when such issue has been once sufficiently submitted. And a charge which, in a suit for personal injuries, precludes a recovery by plaintiff if the jury should find that he was guilty of negligence, without finding further that such negligence was the proximate cause of the injury, is erroneous.

Appeal from the District Court of Nolan County. Tried below before Hon. Jas. I. Shepherd.

*Beall Bros. & McDugald,* for appellant.—The declarations of an injured party as to the manner of his injury, made within ten or fifteen minutes after the injury, and under circumstances showing the absence of premeditation, are admissible in evidence as a part of the res gestae. Texas & Pac. Ry. Co. v. Barron, 78 Texas, 423-4; International & G. N. Ry. Co. v. Anderson, 82 Texas, 516; Texas & Pac. Ry. Co. v. Robertson, 82 Texas, 657.

While custom, as to the fact or manner of passengers boarding moving trains at a given place may not be admissible, as changing or affecting any legal contract or liability, yet same is admissible as bearing upon the question of contributory negligence charged against a passenger seeking to recover damages for injuries negligently inflicted upon him by a railway company, while attempting to so board a train at such place. Houston & T. C. Ry. Co. v. Stewart, 14 Texas Civ. App., 703; Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 407-8; St. Louis & Texas Ry. Co. v. Crosnoe, 72 Texas, 79; International & G. N. Ry. Co. v. Kuehn, 2 Texas Civ. App., 219.

This being an action in damages for personal injuries, against a railroad company, the act complained of alleged to have been negligent, it was error in the court in using the word "accustomed" in its charge upon the duties of the defendant's porter, instead of the word "used" or "exercised." Houston & T. C. Ry. Co. v. Sgalinski, 46 S. W., 113; Railway Co. v. Fowler, 34 S. W., 661; Pelfrey v. Texas Cent. Ry. Co., 73 S. W., 411; International & G. N. Ry. Co. v. Tasby, 17 Texas Ct. Rep., 932.

*Wagstaff & Davidson,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant has appealed from an adverse judgment in a suit instituted by him in the District Court of Nolan County to recover damages for personal injuries. He alleges that about the 3d day of December, 1906, while endeavoring

to take passage on one of appellant's passenger cars at Roscoe, Texas, and after he had attained a secure footing on the step of the car, one of appellant's employes, the porter, negligently and violently closed the door of the vestibule at which appellant was about to enter, and that he was thereby forcibly knocked from the train and injured as he alleges in his petition, for which he sought to recover as damages nineteen hundred and fifty dollars.

The appellee answered by a general denial and a plea of contributory negligence in attempting to board a moving train.

Error is first assigned to the court's action in excluding the testimony of Tom Weaver and Jack Yarborough to the effect that within eight or ten minutes after the accident appellant related to them the cause of his injury and the manner in which he was knocked off the train substantially as alleged. Appellant insisted that this statement constituted part of the *res gestae* and as such was admissible. This doctrine is based on the presumption that declarations made at the time of the act or transaction or the event to which they relate, evoked by it, without premeditation, are part of the act or transaction or event. In order to be admissible as part of the *res gestae* it is not necessary that the declarations be precisely concurrent in point of time with the principal transaction. It should appear, however, that the declarations were evoked by the transaction, and that they were without premeditation; that they spring out of it, are voluntary and spontaneous, and made at a time so near as to preclude the idea of deliberate design. Where the circumstances of the case render it probable that a statement offered as *res gestae* is the result of premeditation or deliberate design, to effect a certain purpose, it should not be received. So far as shown in the bill of exception to which this ruling relates, there is nothing to indicate that appellant's statements were spontaneous declarations evoked by the transaction, nor do the circumstances exclude the idea of premeditation, and we are not prepared to disapprove the court's ruling in question. See McGowen v. McGowen, 52 Texas, 657; City of Galveston v. Barbour, 62 Texas, 172; Missouri, K. & T. Ry. Co. of Texas v. Tarwater, 33 Texas Civ. App., 116, and cases therein cited.

Error is also assigned to the action of the court in excluding as immaterial and incompetent the following evidence offered by appellant: "I have often been at the incoming and outgoing passenger trains at Roscoe and know that it is almost always the case that parties board such trains after they have started and are in motion. That it is not unusual for passengers on the trains to alight from the trains and then board the trains when they are starting out, and it is often the case that passengers from Roscoe board such trains after they are starting and in motion. That he had at various times in the past boarded the trains at Roscoe in leaving for other points after such trains had started and in motion and going as fast as the train was moving at the time he was hurt, and that he had never before received any injuries in so boarding such trains and found no ill convenience in so boarding same."

It seems to us that this, and other like evidence that was offered

and excluded, was admissible on the issue of appellant's contributory negligence. Evidence was offered and received to the effect that appellee's passenger trains usually stopped a short time at Roscoe, and that the stop in this instance was short, and we think the evidence quoted was admissible, not as disproving or excusing a want of due care, but as a circumstance proper for the consideration of the jury, together with all the other circumstances, in determining whether or not appellant was chargeable with contributory negligence in attempting to board the train as he did. The question of negligence is peculiarly one for the jury, and in determining the issue the jury had the right to consider every circumstance offered that would probably affect the action of a person of ordinary caution and prudence. While, of course, the fact, if it is a fact, that appellant and others had frequently boarded trains at Roscoe when in as rapid motion as the train was going at the time under consideration, would not authorize appellant to undertake, as he did, to board the train if under all the circumstances a person of ordinary care and prudence would not have undertaken to do so; yet, as in other words before stated, the fact, if it be true, that appellant had frequently before boarded the train under like circumstances, and that he had seen others likewise do so without injury, was, together with other evidence, for the consideration of the jury in determining whether or not appellant was using that degree of caution and prudence to avoid injury to himself that the law requires of him.

The court's charge is also objected to in a number of assignments, but in view of the easy remedy by correction upon another trial, we will not stop to consider whether the objections would require a reversal of the cause. It will only be necessary to briefly notice them. The court in the tenth paragraph of the charge in effect made the negligence of appellant depend upon whether the care exercised was of that high degree "which very prudent persons are accustomed to use under like circumstances and conditions." The use of the word "accustomed" in that connection is at least questionable and should be omitted. We also notice that in the third clause of the court's charge appellee's duty is defined to be the exercise of "that high degree of care and skill which very cautious, prudent and competent persons generally in their line of business are accustomed to use under similar circumstances," etc. We are not inclined to approve the use of the terms "generally" and "accustomed" in the definition given. The court, too, unnecessarily emphasized the issue of contributory negligence. It seems to have been sufficiently submitted in the twelfth paragraph of the court's charge and there was therefore no necessity of again submitting it in the thirteenth paragraph, which is subject to the further criticism that appellant's negligence, if any, was made to preclude a recovery regardless of whether such negligence was the proximate cause of his injury. If, in fact, as appellant testified, he had secured a firm footing upon the steps of the car before the door was closed upon him, it is not easy to see how his negligence,

if any, in attempting to board a moving train proximately contributed to the result of which he complains.

For the error of the court in rejecting the excluded testimony, it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*